# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRUSTEES OF THE MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND, MASSACHUSETTS LABORERS' ANNUITY FUND, NEW ENGLAND LABORERS' TRAINING TRUST FUND and MASSACHUSETTS LABORERS' LEGAL SERVICES FUND, Plaintiffs, <br><br> v. <br><br> NORTHEAST TRAFFIC CONTROL SERVICES INC., Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  C.A. No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.      This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and (d)(1) and 1145 and § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, by employee benefit plans to enforce the obligations to make contributions due to the plans under the terms of collective bargaining agreements and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, (the "Fund office") within this judicial district.

4.      The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  This Fund is a defined contribution fund.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37).  They

are hereinafter collectively referred to as the "Funds."  The Funds are third party beneficiaries of

the collective bargaining agreement between Defendant Northeast Traffic Control Services Inc.

("Northeast") and the Massachusetts & Northern New England Laborers' District Council

("Union").

9.      Defendant Northeast is a corporation with a principal place of business at 8

Scobee Circle, Plymouth, MA 02360, and is an employer engaged in commerce within the

meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of

§ 301 of the LMRA, 29 U.S.C. § 185.

## GENERAL ALLEGATIONS OF FACT

10.      On or about March 30, 2011, Northeast signed a Memorandum of Agreement, in

which it agreed in writing and in relevant part to be bound to the terms of five collective

bargaining agreements entered into by the Union on behalf of its local unions, and various

contractors and construction associations throughout the District Council's territorial jurisdiction.

A copy of that Memorandum of Agreement is attached hereto as Exhibit A.

11.      Pursuant to its having signed the Memorandum of Agreement, Northeast became

bound to the terms of the Building and Site Agreement between the Union and the Associated

General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of

Boston and Eastern Massachusetts, Inc.; the Heavy and Highway Agreement between the Union

and the Labor Relations Division of the Construction Industries of Massachusetts, Inc.; the

Building and Site Agreement between the Union and Construction Industry Association of

Western Massachusetts, Inc.; the Agreement between the Union and General Contractors'

Association of Pittsfield, Massachusetts; and the Building and Site Construction Agreements

between the Maine, New Hampshire, and Vermont Laborers' District Council and Signatory

Contractors (hereinafter the "CBAs").  All of the CBAs' terms that are relevant to this case are

materially the same as those contained in the 2016 - 2020 Building and Site Agreement (the "Agreement").  The relevant pages of the Agreement are attached hereto as Exhibit B.

12.     The CBAs require employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein by the 20th of the month following the month in which the work was performed.  See Ex. B at 25-30, and 49.

13.     The CBAs also require employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust, the Massachusetts Construction Advancement Program, and the Massachusetts Laborers' Unified Trust (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates.  Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds.  Id. at 21-22, 26-27, and 31-33.

14.     The Fund office collects the contributions owed to all of the ERISA and non-ERISA Funds and the dues owed to the Union.

15.     All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency.  See Ex. B at 34-35.

16.     Signatory contractors such as Northeast are obligated to submit remittance reports each month on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month.  They are also required to submit to periodic audits of their payroll related records.

17.     An audit conducted by the Funds revealed that Northeast has failed to remit contributions for June through December 2018 totaling $6,320.45.  On information and belief,

Northeast employed laborers during that period.  In addition, Northeast owes the Funds $198.09 in underpayments of benefit contributions due for June 2019, and interest on late-paid contributions in the amount of $1,417.95.  For the sake of clarity, the aforementioned amounts do not include amounts related to contributions for shop or drive time hours worked by Northeast laborers during the relevant time periods.

18.     Counsel for the Funds demanded payment of outstanding contributions, underpayments, and interest in letters sent February 1, August 9, and November 22, 2019 by certified and first-class mail, which Northeast received and signed for.

19.     Nevertheless, Northeast has failed and refused to remit the outstanding contributions, interest, and underpayments to the Funds.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

20.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 19 above.

21.     The failure of Northeast to make payment of all contributions and interest owed to Plaintiff Funds on behalf of all covered employees violates § 515 of ERISA, 29 U.S.C. § 1145.

22.     Absent an order from this Court, Northeast will continue to ignore its obligations to remit the contributions and interest it owes to the Funds.

23.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS AND DUES

24.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 above.

25.     The CBA is a contract within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

26.     The failure of Northeast to pay the contributions and dues it continues to owe for June through December 2018, the underpaid contributions, or the interest on late-paid contributions violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.      Order the attachment of the machinery, inventory, bank accounts and accounts receivable of Northeast;

b.      Order Northeast to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

c.      Enter a preliminary and permanent injunction enjoining Northeast from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding Paragraph;

d.      Enter a preliminary and permanent injunction enjoining Northeast from refusing or failing to pay contributions owed to the Funds;

e.      Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months of June through December 2018, the underpaid contributions, and the interest on late-paid contributions, together with any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20

percent of the total of unpaid contributions or the total interest owed, whichever is greater, and reasonable attorneys' fees and costs, all pursuant to 29 U.S.C. § 1132(g)(2);

      f.      Enter judgment in favor of the Funds on Count II in the amount of all contributions due for the months of June through December 2018, the underpaid contributions, and the interest on late-paid contributions, together with any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, and reasonable attorneys' fees and costs; and

      g.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

TRUSTEES OF THE MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, *et al*.,

By their Attorneys,

/s/ Nathan P. Goldstein
Nathan P. Goldstein, BBO No. 666101
Sasha N. Gillin, BBO No. 690769
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 742-0208, Ext. 253
ngoldstein@segalroitman.com
sgillin@segalroitman.com

Dated:  May 19, 2020

## <u>VERIFICATION</u>

I, Louis A. Mandarini, III verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 18 DAY OF

MAY, 2020.

**Louis Mandarini III** Digitally signed by Louis Mandarini III
Date: 2020.05.18 15:48:40 -04'00'

Louis A. Mandarini, III